# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Denise M. Coley, et al.,                    :          Case No. 3:09 CV 0008

      Plaintiffs,                         :

Lucas County, Ohio, et al.,                 :          **MEMORANDUM DECISION AND ORDER**

      Defendants.

The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. Pending are Defendants' Motion to Stay (Docket No. 32), Plaintiffs' Brief in Opposition (Docket No. 37), Defendant James Telb's Reply to Response to Plaintiffs' Brief in Opposition (Docket No. 38) and all Defendants' Reply to Response to Plaintiffs' Brief in Opposition (Docket No. 39). For the reasons that follow, the Motion to Stay is granted.

## I. THE PARTIES

Plaintiff, Denise M. Coley (Coley), is a resident of Toledo, Lucas County, Ohio. She is the mother of Carlton Lenard Benton, the decedent, and the administrator of her son's estate (Docket No. 21, ¶ 1)

Plaintiff DeCarlos Benton, is a resident of Portsmouth, Virginia. He is the decedent's father (Docket No. 21, ¶ 2).

Plaintiff Carla Benton is a resident of Toledo, Lucas County, Ohio. She is the decedent's sister

(Docket No. 21, ¶ 4 ).

Plaintiff Maliki Larmond is a resident of Camden, New Jersey.  He is the decedent's son (Docket No. 21, ¶ 3).

Defendant Lucas County Sheriff's Office is a branch of Lucas County, Ohio government responsible for law enforcement and maintaining full police jurisdiction in the municipalities, villages and townships within Lucas County, Ohio (Docket No. 21, ¶ 5; www.co.lucas.oh.us).

Defendants John E. Gray (Gray), Robert M. McBroom (McBroom), Jay M. Schmeltz (Schmeltz) and James A. Telb (Telb), are residents of Lucas County, Ohio.  Each is a current or former employee of the Lucas County Sheriff's Office (Docket No. 21, ¶ 6).

## II. FACTUAL BACKGROUND

In February 2004, the decedent was arrested on suspicion of murder.  In June 2004, while detained at Lucas County Jail, the decedent died (Docket No. 21, ¶ 8).

## III. PROCEDURAL BACKGROUND

In April 2009, after Plaintiffs filed their original Complaint against Lucas County, the United States Department of Justice filed an indictment in the Northern District of Ohio, Western Division, captioned *United State of America v. Gray, et al.*, Case No. 3:09-CR-182.  The indictment contained multiple counts against Defendant Gray for deprivation of rights under color of law, making false statements and falsifying documents relating to an alleged assault of decedent on May 30, 2004; multiple counts against Defendant Schmeltz for assaulting and striking the decedent and falsifying documents related to the May 30, 2004 assault; one count, collectively, against Defendants McBroom and Telb for aiding and abetting the commission of a felony; and a count against all Defendants for

2

false statements made to the FBI during the course of its investigation of decedent's death (Docket No. 21, ¶ 9).

On December 9, 2008, Plaintiffs filed a complaint in the Lucas County Court of Common Pleas.  The case was removed to this United States District Court on January 5, 2009 (Docket No. 2).  This Court accepted jurisdiction on January 16, 2009 (Docket No. 3).  The Court ordered the case stayed pending resolution of criminal matters for all Defendants on March 10, 2010 (Docket 27).

In November 2010, Defendant Gray was found guilty of one count of deprivation of rights under color of law and one count of falsification of a document.  Defendant McBroom was found not guilty on all counts charged.  Defendant Schmeltz was found guilty of falsification of a document. Defendant Telb was found not guilty on all counts charges.

On January 28, 2011, Defendant Gray was committed to the custody of the Bureau of Prisons for a term of thirty six months and Defendant Schmeltz was committed to the custody of the Bureau of Prisons for a term of twelve months and one day.

On February 9, 2011, Defendants Gray and Schmeltz filed a notice of appeal in the United States Court of Appeals for the Sixth Circuit (Case No. 3:09-CR-00182, Docket Nos. 285 & 286). All Defendants have moved to stay this case during the pendency of the appeal (Docket No. 32).

### IV. MOTION FOR STAY STANDARD OF REVIEW

"A stay of a civil case is an extraordinary remedy that should be granted only when justice so requires." *McCloskey v. White*, 2011 WL 780793, *1 (N. D. Ohio 2011) (*citing Chao v. Fleming*, 498 F. Supp.2d 1034, 1037 (W.D. Mich. 2007).  "However, simultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to

warrant a stay of the civil proceedings." *Id.* Specifically when a party to a civil action is subject to criminal proceedings and/or investigations that relate to such civil action, courts will often stay the civil proceeding so as to prevent the use of civil discovery and evidentiary procedures to obtain evidence for use in the criminal matter. *McCullaugh v. Krendrick*, 2009 WL 2929306, *1 (N. D. Ohio 2009).

The district court's decision whether to stay civil litigation in deference to parallel criminal proceedings is discretionary. *Id.* The factors that guide this court's discretion in such circumstances are:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*McCloskey*, supra, 2011 WL at *1.

## V. DISCUSSION

Defendants, in seeking a stay of the civil proceedings,  focus on the potential impact on the parallel criminal appeal if the civil proceedings go forward before the criminal appeal is resolved.. Specifically, Defendants contend that  they will be required to invoke the Fifth Amendment privilege as to all questions posed during civil discovery.

Plaintiffs contend that blanket assertions of privilege against self incrimination are generally insufficient to justify a stay.  Plaintiffs argue that they have an overwhelming need for closure and vindication of their rights.  Plaintiffs argue further that this case has been pending for seven years and  that as much as fifteen months may elapse before the appeal is resolved.  Plaintiffs contend that

on appeal, there will be no gathering of evidence or discovery; thus, Defendants' answers to discoverable information will neither aid nor prejudice a criminal prosecution or appeal.  Plaintiffs contend that a stay is legally untenable.

The Magistrate must decide if a stay in this civil case is warranted in view of a pending, parallel criminal appeal.  To that end, a review of the totality of the circumstances under the factors that guide discretion follows.

The first factor in granting a stay is whether there is overlap between the criminal proceeding and the civil case.  In the instant case, there is significant overlap between the criminal and  civil proceedings against Defendants for claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), the wrongful death and civil rights statutes.  It is undisputed  that the core of both cases arises from events occurring while decedent was in defendants' custody  that ultimately culminated in decedent's death.  The Magistrate finds significant overlap between the criminal and civil cases.  This factor favors a stay.

The second factor is the status of the cases.  All evidence has been gathered and ruled on in the underlying criminal case.  The transcripts have been filed in the appeal and there is no presently scheduled date of resolution by the appellate court. However, in a status report filed in this case, counsel for defendants in the pending criminal appeal report that briefing has closed, that oral arguments may be scheduled in the Gray appeal by the end of 2011 and that a Sixth Circuit decision is anticipated within three to four months thereafter (Docket No. 41.  In the instant civil case, the proceedings were previously stayed pending the conclusion of the underlying criminal trial.  Thus, initial disclosures have been made but no discovery has been conducted.  These facts are significant in that at this juncture in the litigation, there exists a possibility that Defendant Gray and/or

5

Defendant Schmeltz could be retried on the criminal charges.  Defendants may continue to assert the Fifth Amendment privilege against self incrimination during the discovery process and until their judgment becomes final.

The third factor in examining whether to grant a stay is the Plaintiff's interest in an immediate resolution of their case.  Plaintiffs are legitimately concerned that the stay would last until the end of the criminal appeal, or approximately an additional twelve to fifteen months.  Both parties suggest that discovery in this case will take an additional fourteen months.  The Magistrate acknowledges that the complaint arising from decedent's death was filed in the Lucas County Common Pleas Court on December 9, 2008.  It is an understandable burden on the family and estate to wait to resolve this case; however, if the rights of Defendants are not carefully observed, the life of this litigation will be unduly extended.  Many of the concerns regrading discovery will be alleviated if discovery is stayed until the Defendants' convictions are final.  Plaintiffs' concern that evidence will be lost is somewhat lessened because considerable evidence was adduced at the criminal trial and testimony has been presented and preserved.  The Magistrate is sensitive to Plaintiffs' frustration but in weighing this factor, a stay is favored.

Fourth, the burden on the Defendants in this case would be to force them to relinquish their protected Fifth Amendment right against self incrimination by testifying in the civil case.  It is true that defendants do not have "an absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Rothstein v. Steinberg*, 2008 WL 576526, *4 (N.D. Ohio 2008).  However, the factor is not absolute and it does support a finding that a stay should be granted where it meets the other factors, and there is a legitimate reason to stay the case. *Id.*

6

While it is clearly established that any post conviction evidence could be used against Defendants if their convictions were reversed and the cases remanded for new trials, so the risk of coerced self-incrimination remains until the conviction has been affirmed on appeal. Any defendant who does not invoke a Fifth Amendment privilege, as well as the Court and jury, would be deprived of the relevant facts that could be offered by those who do assert the privilege. Granting a stay would remedy those problems and create a fair trial for the Defendants who cannot control which Defendants testify. Concerns of Defendants' ability to proceed with discovery and considering the factors that assist in guiding the Court to a conclusion, the Magistrate is persuaded that a real danger of incrimination may result from harmful disclosures if Defendants Gray and Schmeltz are compelled to comply with discovery requests at this juncture of the litigation.

Fifth, this Court must determine its own interest in granting the stay; the biggest of those is judicial economy. If the stay were not granted, the parties and the Court would have to consume time and resources to determine the precise contours of Defendants' Fifth Amendment rights. Plaintiffs acknowledge that the hearing in this case would be complicated, and they are correct that a complicated hearing is not adverse to the Court's interest (Docket No. 37, p. 18 of 19). However, the court may consider the potential lengthy and intricate hearing with a view to judicial economy. This factor supports the motion to stay the proceedings in order to make efficient use of court time and resources.

Finally, the court must consider any public interest supporting or opposing the motion to stay. Plaintiffs contend that the public has an interest in learning the facts of this case regarding why decedent died in the sheriff's custody on June 1, 2004 (Docket No. 37, p. 18 of 19). However, the facts surrounding that event have been heard by a jury in the criminal case, published to the public

7

at large and resolved by finding two Defendants guilty on several charges.  With no other public interest factors to be considered, the Magistrate finds that the public interest factor does not sufficiently deter granting the Motion to Stay.

## VI.  CONCLUSION

For the foregoing reasons, the Motion to Stay (Docket No. 32) is granted.  This case is treated as closed for statistical purposes and the case may be reopened upon a motion filed by either party at the conclusion of the criminal appeals.

**IT IS SO ORDERED.**

/s/Vernelis K. Armstrong
United States Magistrate Judge

Dated: November 18, 2011

8