**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **DENISE M. COLEY, ET AL.**, | : | Case No. 3:09 CV 0008 |
| Plaintiffs, | : | |
| v. | : | |
| **LUCAS COUNTY, OHIO, ET AL.**, | : | **MEMORANDUM OPINION & ORDER (DOCKET NO. 72)** |
| Defendants. | : | |

### I. INTRODUCTION.

In accordance with the provisions of 28 U. S. C. § 636(c) and FED. R. CIV. P. 73, the parties in this case have consented to have the undersigned Magistrate Judge conduct any and all proceedings in the case. The matter before this Court is the Motion for Judgment on the Pleadings filed by Defendant Lucas County and Defendant Lucas County Sheriff's Office to which Plaintiffs filed a Memorandum in Opposition (Docket No. 72 & 77). For the reasons that follow, the Magistrate denies Defendants' Motion for Judgment on the Pleadings (Docket No. 72).

### II. THE PARTIES.

Plaintiff Denise M. Coley, a resident of Toledo, Lucas County, Ohio, is the mother of the late Carlton Lenard Benton and the administrator of Mr. Benton's estate (Docket No. 70, ¶ 1)

Plaintiff DeCarlos Benton, a resident of Portsmouth, Virginia, is the decedent's father (Docket No. 70, ¶ 2).

Plaintiff Carla Benton, a resident of Toledo, Lucas County, Ohio, is the decedent's sister (Docket No. 70, ¶ 4 ).

Plaintiff Maliki Larmond, a resident of Camden, New Jersey, is the decedent's son (Docket No. 70, ¶ 3).

Defendant Lucas County, Ohio, has its county seat in Toledo, Ohio, and the Board of Commissioners, a three-member panel of elected officials, holds the administrative power for the county.

Defendant Lucas County Sheriff's Office is a branch of Lucas County, Ohio government responsible for law enforcement and maintaining full police jurisdiction in the municipalities, villages and townships within Lucas County, Ohio (Docket No. 70, ¶ 5; www.co.lucas.oh.us).

At all times relevant to these proceedings, Defendant James A. Telb, a resident of Maumee, Ohio, was the chief law enforcement officer in the Lucas County Sheriff's Department and Defendants John E. Gray, Robert M. McBroom and Jay M. Schmeltz, residents of Lucas County, Ohio, were employees of the Lucas County Sheriff's Office (Docket No. 70, ¶ 6).

### III. FACTUAL BACKGROUND

The underlying issues arise from an incident at the Lucas County Jail on May 30, 2004:

Carlton Benton had been returned from the intensive care unit at St. Vincent Hospital to a second floor medical unit at the jail. He struggled with authority upon being removed from the hospital unit and again at the jail in the second floor medical unit. The jury obviously determined that Defendant Gray applied a "sleeper hold" to Mr. Benton during the course of attempting to remove restraints. That attempt was by not only Defendant Gray, but several other sheriff's deputies. Mr. Benton was rendered unconscious and the jury found that Defendant Gray left the medical unit without informing anyone of that condition or of the fact that Defendant Gray had used a "sleeper hold" on Mr. Benton. Benton was subsequently found unconscious in the medical cell; although paramedics were able to restore his pulse, he never regained consciousness and died on June 2, 2004 at the hospital.

2

*United States v. Gray*, *et. al.*, 2011 WL 198006, *1 (N.D. Ohio,2011) (unreported).

## IV. PROCEDURAL BACKGROUND.

On December 9, 2008, Plaintiffs filed a complaint asserting federal claims pursuant to 42 U. S. C. § 1983[1] against all Defendants in the Common Pleas Court of Lucas County, Ohio and on January 5, 2009, the case was removed to this district court (Docket No. 2). On June 1, 2009, the Magistrate Judge ordered that all further proceedings in this civil case be stayed and reopened only for good cause (Docket No. 16). On October 7, 2009, Plaintiffs filed a Motion to Reopen Case to Amend Complaint. The Magistrate Judge granted the Motion to Reopen and granted Plaintiffs leave to amend the complaint on or before December 4, 2009 (Docket Nos. 17, 19 & 20). Plaintiffs filed their First Amended Complaint on December 4, 2009 (Docket No. 21). On March 10, 2010, the Magistrate Judge ordered that the case be stayed pending the jury verdict (Docket No. 27).

On October 26, 2012, Plaintiffs' Motion to Lift Stay was granted. Defendant Lucas County and Defendant Lucas County Sheriff's Office filed a Motion of Judgment on the Pleadings (Docket No. 72) which Plaintiffs oppose (Docket No. 77).

## V. PLAINTIFFS' CLAIMS

In the Second Amended Complaint, all of Plaintiffs' claims against Defendant Lucas County are brought pursuant to 42 U. S. C. §§ 1983 and 1985 for damages arising from alleged violations of their constitutional rights. Specifically, the Second Amended Complaint asserts the

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

following claims:

    (1)    Wrongful Death.
    (2)    Deprivation of Constitutional Rights.
    (3)    Failure to Train and Supervise Employees.
    (4)    Negligence/Recklessness/Bad faith.
    (5)    Assault and Battery.
    (6)    Intentional Infliction of Emotional Distress.
    (7)    Loss of Consortium.
    (8)    Aiding and Abetting; Civil Conspiracy and Civil Racketeering Influence and Corrupt Organizations act (RICO) under federal and state laws.

In the Second Amended Complaint, Plaintiffs assert the following claims against Defendant Sheriff's Office:

    (1)    Deprivation of Constitutional Rights under 42 U. S. C. § 1983.
    (2)    Conspiracy to Deprive Constitutional Rights under 42 U. S. C. § 1985.
    (3)    Aiding and Abetting; Civil Conspiracy and Civil R.I.C.O.

## VI. DEFENDANTS' POSITION.

Relying on OHIO REV. CODE § 301.22[2] which bases the capacity to sue and be sued on the distinct legal existence of an Ohio county that adopts a charter or alternative form of government, Defendant Lucas County asserts that Plaintiffs failed to allege in any of their pleadings, the existence of a charter or alternative form of government. Defendant Lucas County claims that it cannot be sued because Plaintiffs failed to assert the existence of the charter or alternative form or government. Defendant Lucas County seeks judgment as a matter of law pursuant to FED. R. CIV. P. 12(c).[3]

---

[2] Every county adopting a charter or an alternative form of government is a body politic and corporate for the purpose of enjoying and exercising the rights and privileges conveyed under it by the constitution and the laws of this state. Such county is capable of suing and being sued, pleading and being impleaded.

[3] (c) **Motion for Judgment on the Pleadings**. After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings. FED. R. CIV. P. 12(c) (Thomson Reuters 2013).

4

## VII. STANDARD OF REVIEW

Motions for judgment on the pleadings filed pursuant to FED. R. CIV. P. 12(c) are beneficial in disposing of cases in which there are no material issues of fact and the movant is entitled to judgment as a matter of law.  The standard of review for a motion for judgment on the pleading filed under FED. R. CIV. P. 12(c) is the same as for a motion under FED. R. CIV. P. 12(b)(6).[4]  *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir.2010) (*citing Ziegler v. IBP Hog Market, Incorporated*, 249 F.3d 509, 511–512 (6th Cir.2001) (*citing Mixon v. Ohio*, 193 F.3d 389, 399–400 (6th Cir.1999)).  Judgment on the pleadings is appropriate if, assuming the truth of all materials facts pled in the complaint, the moving party is nonetheless entitled to judgment as a matter of law.  *Id.* (*citing JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007) (internal citations and quotation marks omitted)).

The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, i.e., more than merely possible.  *Id.* (*citing Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–1950 (2009)).  A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient.  *Id.* (*citing Hensley Manufacturing v. ProPride, Incorporated*, 579 F.3d 603, 609 (6th Cir.2009) (*quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965-1966 (2007); *see also Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005–1006 (6th Cir.2009)).

---

[4] 12 (b) **How to Present Defenses**.  Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:
(6) failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6) (Thomson Reuters 2013).

### VIII. ANALYSIS

The issue presented by Defendant Lucas County is whether its inability to be sued under Section 301.22 precludes its ability to be sued under 42 U.S.C. § 1983.

The Magistrate finds that it is actually the Eleventh Amendment immunity, not Section 301.22, that determines whether Defendant Lucas County can be sued under Section 1983. *Smith v. Grady,* 2013 WL 249677, *6 -7 (S.D.Ohio,2013). Under the Eleventh Amendment, a state and its agencies generally are immune from private lawsuits in federal court by virtue of the Eleventh Amendment, unless that immunity has been expressly waived. *Id.* (*citing Mt. Healthy City School District Board of Education v. Doyle*, 97 S.Ct. 568, 572 (1977)). As such, whether the Eleventh Amendment bars a suit against claims brought against an entity in federal court turns on the question of whether the entity is an "arm of the State." *Id.* (*citing Mt. Healthy*, 97 S.Ct. at 572; Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir.1993)).

This Court looks to Ohio law for guidance on whether a county is an "arm of the state." *Id*. Under OHIO REV. CODE § 2743.01(B), a county is considered a "political subdivision" of the state. *Id*. Ohio courts also have recognized counties as "political subdivisions." *Id.* (*citing Zents v. Board of Commissioners*, 9 Ohio St.3d 204, 205, 459 N.E.2d 881, 885 (1984); *Schaffer v. Board of Trustee of Franklin County Veterans Memorial*, 171 Ohio St. 228, 230, 168 N.E.2d 547, 549 (Ohio 1960); *see also Turner, supra*, 671 F.Supp.2d at 972 ("[T]here is no question that Lucas County, [Ohio] . . . is a 'political subdivision of the State of Ohio[.]' " (*citing* OHIO REV. CODE § 2743.01(B))). As a political subdivision, a county is not immune from suit under the Eleventh Amendment. *Id.* (*citing Mt. Healthy*, *supra*, 97 S.Ct. at 573 ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances . . . but

does not extend to counties and similar municipal corporations."); *S.J. v. Hamilton County*, 374 F.3d 416, 420 (6th Cir.2004) (expressly affirming the "portion of the district court's order denying immunity to defendant Hamilton County[, Ohio]" with respect to a claim brought under federal law); *Turner*, 671 F.Supp.2d at 972 (finding an Ohio county was not entitled to Eleventh Amendment immunity for a claim brought under 42 U.S.C. § 1983); *Stack v. Karnes*, 750 F.Supp.2d 892, 897 (S.D.Ohio, 2010) (finding "the immunity afforded by the Eleventh Amendment [to be] inapplicable to Franklin County[, Ohio]"); *Horen v. Lucas County, Ohio*, 2011 WL 4842391, at *1–2, 2011 U.S. Dist. LEXIS 117773, at *4 (N.D.Ohio, 2011) (county is not entitled to Eleventh Amendment immunity under federal remedial statutes of ADA, FMLA and Rehabilitation Act) (unreported)).

Here, Defendant Lucas County does not enjoy Eleventh Amendment immunity from a Section 1983 lawsuit. In fact, Ohio law is pre-empted insofar as it would impose any barrier to bringing an otherwise valid Section 1983 action. Accordingly, the Magistrate declines to dismiss the claims asserted by Plaintiffs in the Second Amended Complaint against Defendant Lucas County. Defendant Lucas County is not entitled to Eleventh Amendment immunity and it may be sued under Section 1983.

The Magistrate declines to grant Defendant Sheriff's Office's Motion for Judgment on the Pleading. Defendant Sheriff's Office failed to cite any legal authority or advance any argument to support its motion.

## IX. CONCLUSION.

For the foregoing reasons, the Motion for Judgment on the Pleadings filed by Defendant Lucas County and Defendant Lucas County Sheriff's Office is denied.

**IT IS SO ORDERED**.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:   December 27, 2013